# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

TONY SPENCER,  )
      Plaintiff,  )
vs.  )    No. 2:16-cv-2354-STA-egb
SHELBY COUNTY, et al.,  )
      Defendants.  )

## ORDER OF DISMISSAL
## AND ORDER CERTIFYING THAT AN APPEAL
## WOULD NOT BE TAKEN IN GOOD FAITH
## AND ORDER DENYING LEAVE TO PROCEED ON APPEAL
## *IN FORMA PAUPERIS*

On March 22, 2017, the Court denied Plaintiff's motion to appoint counsel, dismissed the complaint, and granted Plaintiff leave to amend his complaint within thirty days. (ECF No. 9.) Plaintiff was warned that, if he failed to file an amended complaint within the requisite time, the Court would assess a first strike pursuant to 28 U.S.C. § 1915(g) and would enter judgment against him. Plaintiff has failed to file an amendment, and, therefore, a strike must be assessed and judgment entered.1

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. §

---

1 The Court notes that mail sent to Plaintiff has been returned as undeliverable. (ECF Nos. 11, 12, 13.) Plaintiff has not kept the Court informed as to his most recent address.

1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the full appellate filing fee. In *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect on entry of judgment. *See Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013).

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:   May 2, 2017